CASE 14—PETITION EQUITY—OCTOBER 28.

# Lewis, &c., v. Citizens National Bank. ·

*APPEAL FROM LOUISVILLE CHANCERY COURT.*

1. TRUSTS.—Where a father as trustee for one of three daughters executed a conveyance to himself as trustee for the other two, although there was nothing in the deed itself to indicate the nature of the trusteeship or the terms or conditions of the trust, yet as it appeared from the evidence that the property conveyed was paid for out of an estate held by the father as trustee for his children under the will of their grandfather, the character of the holding by the trustee and the ultimate disposition of the interest of one of the beneficiaries upon her death are matters to be controlled by the will.

2. CONSTRUCTION OF DEVISE—POWER OF APPOINTMENT—CONTINGENT INTEREST.—Under a devise by a testator to a father in trust for his children with "power to use the principal for his children, or any of them, equally or unequally," the father took a power of appointment which may be exercised by him so as to defeat the interest of any particular child, and therefore each child took only a contingent interest, and upon the death of one of them nothing passed to his heirs, the power of appointment not being affected or circumscribed thereby.

3. SAME.—Where a testator has by a codicil to his will placed a construction upon a particular clause of his will, that construction must control.

BLANTON DUNCAN FOR APPELLANTS.

1. A condition defeats the estate to which it is annexed only at the election of him who has a right to enforce it; and notwithstanding its breach the estate, if a freehold, can only be defeated by an entry made. (2 Washb. on Real Property, p. 12; Cross v. Carson, 8 Blackf. (Ind.), 138; s. c., 44 Am. Dec., 743; Kenner v. American Contract Co., 9 Bush, 206.)

2. The ninth clause of the will created a vested remainder, but this was changed by codicil. (Howe v. Moore, 4 Mon., 221; Boone v. Doyle, 3 Mon., 537; Burnside v. Wall, 6 B. M., 324.)

   Under the Kentucky decisions the word "children" is synonymous with "issue," "heirs" or "descendants." (Dunlap v. Shreve, 2 Duv., 335; Feltman v. Butts, 8 Bush, 119.)

   As to the distinction between vested and contingent remainders, see Bowling v. Dobyns, 5 Dana, 441; 2 Johns (N. Y.), 288; 1 Yates (Pa.), 340; Williamson v. Williamson, 18 B. M., 376; Johnson v. Jacob, 11 Bush, 655; Maunderson v. Lukens, 23 Pa. St., 31; Stephens v. Evans, 30 Ind., 39; 4 Kent's Comm., p. 202.)

3. Where a testator creates a life estate in one with remainder to another, with power to the life tenant to defeat the remainder by disposing of the property by deed or will, the power of disposition does not convert the life estate into a fee unless it is exercised. (McCullough's Adm'r v. Anderson, 90 Ky., 126; Friend v. Oliver, 27 Ala., 532; Christy v. Pulliam, 17 Ill., 59; Dixon v. McCue, 14 Gratt. (Va.), 5; Doe v. Martin, 4 Term Rep., 39; Sugden on Powers, 151, 5th London ed.)

The Ballard case, 83 Ky., 481, makes the case at bar impregnable, and is in no point whatever against the appellants.

4. The trust created by the will of Garnett Duncan is still in existence, and as there is nothing whatever in the deed of 1878 to show that it is the creation of a trust, the court must look to the will to determine the objects and nature of the trust. (Perry on Trusts, secs. 920, 99, 77, 81; Lewin on Trusts, vol. 1, pp. 169, 306 * (a), 913, 892, 894; Attorney-General v. Lady Downing, Wilm., 23; Lane v. Dighton, Amb., 409; Lewis v. Madock, 17 Ves., 57; Price v. Blackmore, 6 Beav., 407; Hopper v. Conyers, 2 L. R. Eq., 549; Cleveland v. Hallet, 6 Cush., 403; Ready v. Kearsley, 14 Mich., 226.)

W. O. HARRIS FOR APPELLEE.

No brief in record.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The question involved in this case is the right of the appellee to subject to sale an undivided one-fourth interest in two houses and lots, on Main and Market streets in the city of Louisville, in satisfaction of a judgment against Blanton Duncan, one of the appellants, for $1,750, with interest at six per cent per annum from April 17, 1872, for two years, and with ten per cent interest per annum from that time on until paid.

The title to this property, as shown by deed of November 12, 1878, was in Blanton Duncan as trustee of his daughters Kate B. Duncan and Georgette Duncan. Georgette having died intestate, her father and mother, appellees contend, inherited her one-half of the property, —that is, one-fourth each—the sister Kate owning the other half. It is this undivided one-fourth interest of the father—the judgment debtor—the sale of which is sought.

The conveyance in the deed spoken of was from Blanton Duncan, trustee of Mary T. Duncan, and Mary T. Duncan, to Blanton Duncan, trustee of Kate B. Duncan and Georgette Duncan, and was in consideration of the payment of nine thousand dollars cash paid the grantors by the grantee of such trustee, and four thousand dollars to be paid thereafter. The terms of the conveyance were such that the trustee of the daughters was empowered at any time, without the intervention of the Louisville Chancery Court, to sell and convey the property and re-convert the same into personalty. From the conveyance itself, there is nothing to indicate the nature of this trusteeship for the daughters or the terms or conditions of the trust. But from the record it appears that Blanton Duncan in 1875 had been appointed trustee for his children under the will of his father, Garnett Duncan, and from the funds of that estate belonging to himself, as such trustee, he had made the cash payment of $9,000. The character of the holding by the trustee, therefore, and the ultimate disposition of the interest of Georgette at her death, are matters to be controlled by the will of Garnett Duncan. The chancellor seems to have regarded this deed of November, 1878, as alone creating this trust, and from this premise correctly construed the holding to be in fee. But this instrument, though it declared, did not create any trust. The will of Garnett Duncan alone did that. The acceptance of the trust and its management are shown by the exhibits in the various chancery suits referred to, and the settlements in the Jefferson County Court made by the trustee.

Looking to this will we find the following provisions:

"Eighth. I give and bequeath and devise to my three

granddaughters, Mary, Kate and Georgie, all the shares that I may own at the time of my death in the East London Railway Company, and also my lands in Indiana, near Jeffersonville. . . .

" Ninth. . . . The remainder that may be left in the hands of my executors, together with the unpaid notes of Mr. Thompson, I give to my son Blanton, as a trustee, to be invested in his discretion in improving the Indiana land, or otherwise for the use of his said three daughters.""

Signed, &c.

" Codicil. . . . In lieu of the eighth clause, I give and devise all my East London Railway shares, and all my land in Indiana, that may be owned by me at the time of my death, to my son Blanton Duncan, as a trustee, for his use and support for life, and at his death to be equally divided among his children, and their descendants, such descendants to take *per stirpes.*" . . .

" The ninth clause is thus modified: . . . In the latter part of this ninth clause, I substitute the word 'children' for the words 'said three daughters,' so that any future child or children will be embraced in this trust which is independent of that created by the eighth clause, —for this last trust gives him power to use the principal for his children, or any of them, equally or unequally."

Whatever doubts may have existed as to the power given the trustee by the language of the original ninth clause, we must admit the right of the testator to construe it for himself. That construction is a part of his will and is controlling. By it he enlarges the trust, or converts it into a power, by the exercise of which the son may use absolutely the estate—its body or principal—for his children, or any of them, and by such a distribution as he

pleases, that is, to them in equal or unequal portions. This is a power of appointment which can be exercised at any time during the lifetime of the life-tenant. The existence of this power does not destroy the limitation over to the remainderman after the life estate, but the power may be so executed by the life-tenant under this power of apportionment as to substantially destroy the interest of any particular remainderman. The existence of this power and the possibility of its exercise is inconsistent with the view that the deceased daughter took a vested remainder. From the very nature of the case, her holding was contingent. Manifestly her death does not affect or circumscribe the power given under the will. The investment is only temporary. Whether as a matter of fact the trustee expended for her use largely more than her proportionate share of the estate, as contended by him, we need not inquire.

The chancellor conceded that if the property was held under the trust and power created by the will of Garnett Duncan, it could not be subjected to the payment of the plaintiff's debt, but it was thought that the evidence establishing this trust was secondary and incompetent, and seemingly held that the deed itself must furnish the evidence of the nature of the trust. The contrary doctrine is abundantly shown by all the authorities. (Perry on Trusts, secs. 77, 99 ; Lewin on Trusts, vol. 1, pp. 169, 405.)

The judgment is reversed, with directions to dismiss the petition.